# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE MATHIS,<br><br>                        Petitioner,<br><br>          v.<br><br>DOMINGO URIBE, JR., Warden, et al.,<br><br>                      Respondents. | Civil No.   10cv0035-WQH (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) CONSTRUING ACTION AS A HABEAS PETITION BROUGHT PURSUANT TO 28 U.S.C. § 2254; AND,**<br><br>**(3) DISMISSING PETITION WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis. Petitioner alleges that his footlocker was confiscated when he was placed in administrative segregation, and that the charges were dismissed about one month later, but when he was released back into the general population and his personal property was returned to him, his footlocker, which he had possessed for ten years, was not returned, ostensibly because it violated prison regulations against non-see through containers, but in reality as a punishment. (Pet. at 6; Pet. Ex. B.) Petitioner seeks a declaratory judgment stating that his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and

unusual punishment were violated by the confiscation of his footlocker, and requests an injunction requiring the return of the footlocker. (Pet. at 7; Pet. Ex. B.)

### MOTION TO PROCEED IN FORMA PAUPERIS

Based on the Motion to proceed in forma pauperis and accompanying affidavit, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for a Writ of Habeas Corpus without prepayment of the filing fee.

### PROPER FORM OF ACTION

Petitioner filed this action seeking habeas relief under 28 U.S.C. § 2241. Because Petitioner is a state prisoner in custody pursuant to a state court judgment, he may not proceed under 28 U.S.C. § 2241, but may only seek federal habeas relief pursuant to 28 U.S.C. § 2254. White v. Lambert, 370 F.3d 1002, 1005-08 (9th Cir. 2004). However, Petitioner's claim is one properly brought in a civil rights Complaint pursuant to 42 U.S.C. § 1983, rather than a habeas action, in that Petitioner challenges the conditions of his confinement, and does not challenge the fact or duration of his confinement or seek an immediate or speedier release from custody, but merely requests the return of his property.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court considered the potential overlap between federal habeas actions under 28 U.S.C. § 2254 and challenges to the conditions of confinement pursuant to 42 U.S.C. § 1983. The Court held that habeas is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that confinement, even though the claim may also come within the literal terms of section 1983. Id. at 488-500. On the other hand, a section 1983 action is a proper avenue for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499.

The Supreme Court has therefore concluded that state prisoners must use habeas corpus "when they seek to invalidate the duration of their confinement – either directly through an

injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and that claims which, if successful, would not entitle Petitioner to release from custody, are cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); see also Mayle v. Felix, 545 U.S. 644. 671 n.4 (2005) ("the single, defining feature setting habeas cases apart from other tort claims against the State is that they 'necessarily demonsrat(e) the invalidity of the conviction.'") (quoting Heck v. Humphrey, 512 U.S. 477, 481-82 (1994).) In Edwards v. Balisok the Court applied Heck to find that habeas was the sole federal vehicle available for a state prisoner's constitutional challenge to the procedures used in a disciplinary hearing which resulted in the loss of custody credits where the claim would, if proven, "necessarily imply the invalidity of the deprivation" of the custody credits. Edwards, 520 U.S. at 646-48. The Court found, however, that a prisoner's claim for an injunction barring future unconstitutional procedures did not fall within federal habeas. Id. at 648. Petitioner here seeks prospective injunctive relief seeking the return of his property, and there is no indication that the length of his custody is in any way implicated.

Because Petitioner is not seeking immediate or speedier release from custody, but is challenging the conditions of his confinement, and his claim is not barred by Heck, his claim is properly brought in a civil rights action pursuant to 42 U.S.C. § 1983. The Court has discretion to construe the Petition as a civil rights Complaint. See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superceded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Even were the Court to construe this action as a civil rights Complaint, however, it would be subject to dismissal for the following reasons.

A claim alleging an unauthorized taking of personal property without due process of law in violation of the Fourteenth Amendment does not state a federal cause of action under section 1983 if Petitioner has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Tort Claims Act provides an adequate post-deprivation

state remedy for the taking of personal property by prison officials. <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994). Petitioner alleges that the confiscation of his foot locker was accomplished without due process of law and therefore amounted to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (Pet. at 5.) Thus, Petitioner does not present a federal claim, and to the extent the Petition could be construed as a civil rights Complaint, it is subject to dismissal.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to proceed in forma pauperis and **CONSTRUES** this action as a habeas petition brought pursuant to 28 U.S.C. § 2254. The Petition is **DISMISSED** without prejudice to Petitioner to present any cognizable claims arising from the confiscation of his personal property, to the extent there are any, in a separate civil rights Complaint filed pursuant to 42 U.S.C. § 1983 which will be given a separate civil case number.

**IT IS SO ORDERED.**

DATED: February 4, 2010

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge